**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| CAREMINDERS HOME CARE, INC.,<br><br>Petitioner,<br><br>v.<br><br>CONCURA, INC., JAMES DUNN, and SONYA DUNN,<br><br>Respondents. | Civil Action No. 1:15-cv-00890-RWS |

**PETITIONER'S MOTION FOR ATTORNEYS' FEES AND EXPENSES WITH INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 54.2, and this Court's Order and Judgment granting Petitioner CareMinders Home Care, Inc.'s ("CareMinders") Petition to Confirm Arbitration Award (Dkt. Nos. 14 and 15), CareMinders respectfully moves the Court for an order awarding it $9,537.60 in attorneys' fees and expenses incurred in pursuing confirmation of the underlying arbitration award. In support of this motion, CareMinders submits the accompanying declaration of one of its former lead counsels, Michael J. Breslin, and its current lead counsel, John H. Goselin II, and further shows the Court as follows:

## I. RELEVANT BACKGROUND

On March 25, 2015, Arbitrator L. Penn Spell, Jr., Esq. entered his final award in the arbitration matter of *James Dunn and Concura, Inc. v. CareMinders Home Care, Inc. et al.*, AAA No. 30 114 01047 13 (the "Award").

The Award resolved all monetary claims in the arbitration in CareMinders' favor and awarded damages to CareMinders under the parties' Franchise Agreement, including attorneys' fees and costs incurred by CareMinders in the underlying arbitration proceeding.

Soon thereafter, on March 27, 2015, CareMinders filed a petition to confirm the Award with this Court. (Dkt. No. 1). In its petition, CareMinders sought confirmation of the Award in its entirety, and also requested an award of its "fees and costs in prosecuting this action." *See id.* On April 28, 2015, Respondents filed an Answer and Counterclaim to Vacate Award. (Dkt. Nos. 7 and 8). On May 12, 2015, CareMinders filed an Answer to the Counterclaim and included a request for attorneys' fees and costs associated with responding to the Counterclaim. (Dkt. No. 9). On August 11, 2015, CareMinders filed its Supplement to Petition to Confirm Arbitration Award informing the Court that Respondents failed to timely file a Motion to Vacate as required by applicable provisions of the Federal Arbitration Act. (Dkt. No. 13).

On September 24, 2015, the Court entered its Order and Judgment confirming the Award in full and entering judgment in favor of CareMinders and against Respondents jointly and severally for $113, 476.00.

## II. SUMMARY OF FEES AND EXPENSES SOUGHT

The Court granted the petition in its entirety. By this motion, CareMinders only seeks the fees and expenses incurred in this confirmation proceeding. CareMinders is not seeking to recover any of the fees incurred in the underlying arbitration proceeding, which were already dealt with in the Award.

Throughout most of this litigation, until recently, CareMinders has been represented by the law firm of Kilpatrick Townsend & Stockton LLP ("Kilpatrick Townsend"). Declaration of Michael J. Breslin ("Breslin Decl.") ¶ 3 (filed contemporaneously herewith). Kilpatrick Townsend is based in Atlanta, Georgia and has represented CareMinders in franchise-related matters for a number of years. *Id.* Michael J. Breslin, a trial lawyer with 10 years of litigation experience served as lead counsel for CareMinders in this case along with James F. Bogan, III, a trial lawyer with over 15 years of litigation experience. *Id.* ¶¶ 3-5. He was assisted by one Kilpatrick Townsend litigation associate and one Kilpatrick Townsend paralegal for the bulk of the work in this matter. *Id.* ¶¶ 5-8. Since April 2015 CareMinders has been represented by Freeman, Mathis & Gary, LLP ("FMG"). Declaration of John H. Goselin, II ("Goselin Decl.") ¶ 3 (filed

contemporaneously herewith). John H. Goselin, II, a trial lawyer with over 10 years of litigation experience, currently serves as lead counsel for CareMinders in this case. Goselin Decl. ¶¶ 3-4. He was assisted by one FMG counsel, one FMG associate and one FMG paralegal for the bulk of the work in this matter. *Id.* ¶¶ 5-9. The total amount requested in this motion, consisting of fees for attorney and non-attorney timekeepers as well as certain non-taxable expenses, is $9,537.60. *See* Breslin Decl. ¶ 16, Goselin Decl. ¶ 17 and attached Exhibit A.

## III. ARGUMENT AND CITATION TO AUTHORITY

### A. CareMinders is Entitled to its Attorneys' Fees and Expenses

In a diversity action, whether a party is entitled to attorneys' fees "is a matter of state law while the procedures for proving those fees [are] governed by federal law." *JVC Am., Inc. v. Guardsmark, L.L.C.*, No. 1:05-CV-0681, 2007 WL 2872454, at *9 (N.D. Ga. Sept. 26, 2007) (applying Georgia law to determine entitlement to fees and federal law for the "procedure for establishing the amount"); *see also, e.g., Benchouchan v. VMM Enters., Inc.*, 310 F. App'x 316, 318 (11th Cir. 2009).

CareMinders is entitled to its fees on the basis of the contractual fee-shifting provision between the parties. Specifically, Section 18.3 of the Franchise Agreement states that CareMinders is entitled to recover all fees and costs it incurs in any action to enforce any provision of the Franchise Agreement between

CareMinders and Concura, Inc., or otherwise to collect any amount due under the Franchise Agreement.[1] Under Georgia law, "'a party's entitlement to attorney fees under a contractual provision is determined by the usual rules of contract interpretation.'" *SCI, Inc. v. Engineered Concepts, Inc.*, No. 1:10–CV–01416–CC, 2013 WL 163665, at *6 (N.D. Ga. Jan. 14, 2013) (quoting *Benchmark Builders, Inc. v. Schultz,* 289 Ga. 329, 330, 711 S.E.2d 639, 640 (2011)). Where the parties' contract states that the breaching party "agrees to pay reasonable attorney's fees should the [non-breaching party] employ an attorney to enforce any provision of the agreement or to collect damages for breach of the agreement," and "[t]he record evidence shows that [the non-breaching party] employed attorneys to enforce the contract," then the non-breaching party is entitled to an award of attorneys' fees. *Id.* (citing *Skylar v. Hodges*, 250 Ga. App. 42, 43, 550 S.E.2d 438, 439 (2001); *Layfield v. SE Constr. Coordinators, Inc.*, 229 Ga. App. 71, 72, 492 S.E.2d 921, 922 (1997); *O'Brien's Irish Pub v. Gerlew Holdings,* 175 Ga. App. 162, 165, 332 S.E.2d 920, 923 (1985)); *see also Hope & Assocs., Inc. v. Marvin M. Black Co.*, 205 Ga. App. 561, 562, 422 S.E.2d 918 (1992) (holding that parties are free to contract for payment of fees in arbitration proceedings).

In this case, CareMinders employed attorneys to enforce the Franchise Agreement with Concura, Inc. (and the Guaranties with James Dunn and Sonya

---

[1] As the Arbitrator found, the obligation to pay fees is extended to James Dunn and Sonya Dunn personally in the Guaranty that they signed in favor of CareMinders.

Dunn), and the Franchise Agreement expressly provides that if "any provision of this Agreement is enforced at any time by [CareMinders] or if any amounts due from [Concura] to [CareMinders] are, at any time, collected by or through an attorney at law or collection agency, [Concura] shall be liable to [CareMinders] for all costs and expenses of enforcement . . . including . . . reasonable attorney's fees." [Dunn 000400]. Moreover, Section 18.4 of the Franchise Agreement provides that "[a] judgment upon the award may be entered in any court having jurisdiction." *Id.*

Because this action is a necessary step for CareMinders to collect amounts due under the parties' Franchise Agreement and enforce the terms of the Franchise Agreement, CareMinders is entitled to recover the fees and costs incurred in this proceeding under the fee-shifting provision set out in the Franchise Agreement.

**B. The Amount of Recoverable Fees and Expenses is $9,537.60**

The Eleventh Circuit's opinion in *Norman v. Housing Authority*, 836 F.2d 1292 (11th Cir. 1988), applying the United States Supreme Court's decision in *Hensley*, 461 U.S. 424 (1983), is the leading case on the calculation of fees in the Eleventh Circuit. As guided by *Norman*, the task for the Court "is to multiply hours reasonably expended by a reasonable hourly rate" to arrive at the "lodestar." *Id.* at 1299. Thus, the methodology set out in *Norman* controls the determination of the amount of attorneys' fees to be awarded CareMinders in this case.

### 1. Reasonable Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The following chart shows the hourly rates charged by CareMinders' attorneys and paralegal in this confirmation proceeding:

| Attorney/Paralegal | Hourly Rate |
|---|---|
| Michael J. Breslin | $465 |
| Ross D. Andre | $345 |
| Rebecca M. Griffis | $160 |

Breslin Decl. ¶ 15.

| Attorney/Paralegal | Hourly Rate |
|---|---|
| T. Bart Gary | $230 |
| John H. Goselin, II | $230 |
| Jaime E. Davis | $230 |
| Elizabeth Bertschi | $195 |
| Kristian Smith | $107 |
| Tracey Tyler | $107 |

Goselin Decl. ¶ 16.

The Breslin and Goselin Declarations establish that the above rates are in line with prevailing market rates within the Atlanta legal market for lawyers and legal professionals of reasonably comparable skills, experience, and reputation. Breslin Decl. ¶ 14; Goselin Decl. ¶ 15. Attached to the Breslin and Goselin Declarations are invoices and a pro forma showing the amounts billed by

Kilpatrick Townsend and FMG to CareMinders in this confirmation proceeding. Breslin Decl. ¶ 11; Goselin Decl. ¶ 12 & Ex. A. This evidence satisfies CareMinders' burden to "suppl[y] the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (internal quotation marks omitted). "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Norman*, 836 F.2d at 1299. The Eleventh Circuit has specifically approved reliance on evidence such as the Breslin and Goselin Declarations in determining reasonable hourly rates. *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997).

**2. Hours Reasonably Expended**

After calculating reasonable hourly rates, "[t]he next step in the [attorneys' fee analysis] is the ascertainment of reasonable hours." *Norman*, 836 F.2d at 1301. The Breslin and Goselin Declarations contain detailed records showing the amount of time dedicated to confirmation of the Award, which is the only category that is the subject of this motion. Breslin Decl. ¶¶ 12-17; Goselin Decl. ¶¶ 13-18 & Ex. A. This satisfies the Eleventh Circuit's requirement that "the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *See ACLU v. Barnes*, 168 F.3d at 427 (citing *Norman*, 836 F.2d at 1303); *accord Norman*, 836

F.2d at 1303 ("It is perfectly proper to award attorney's fees based solely on affidavits in the record."). As demonstrated in the Breslin and Goselin Declarations, all of the time spent in this case was devoted to the prompt confirmation of the Award (see summary of time records attached to Breslin Decl. and Goselin Decl. as Exhibit A).

### C. CareMinders Should be Awarded All of the $9,537.60 in Fees and Expenses Sought in this Motion

CareMinders was the prevailing party in this proceeding, which was and is a necessary step for CareMinders to undertake to collect amounts due it under the Franchise Agreement and otherwise to enforce the terms of the Franchise Agreement. Accordingly, CareMinders is entitled to an award of the entire amount of fees and expenses requested by the motion.

## IV. CONCLUSION

For the reasons stated above, the Court should grant this motion and award CareMinders the total amount of $9,537.60.

**[signatures begin on next page]**

Respectfully submitted this 2nd day of October, 2015.

/s/ *John H. Goselin II*
T. Bart Gary
Georgia Bar No. 287430
John H. Goselin II
Georgia Bar No. 457830
Neil L. Wilcove
Georgia Bar No. 758401
*Attorneys for Petitioner*
*CareMinders Home Care, Inc.*

**Freeman Mathis & Gary, LLP**
100 Galleria Parkway, SE, Suite 1600
Atlanta, Georgia 30339-5948
Telephone: (770) 818-818-0000
Facsimile: (770) 937-9960
Email: bgary@fmglaw.com
nwilcove@fmglaw.com
jgoselin@fmglaw.com

LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated: October 2, 2015.

/s/ John H. Goselin II
John H. Goselin II

## CERTIFICATE OF SERVICE

I hereby certify that I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notice of such filing to all counsel of record.

/s/ John H. Goselin II
John H. Goselin II